FILED

2022 Aug-22  PM 03:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRY BLAIR, | ) |
| Plaintiff/Counterclaim Defendant | ) |
| v. | ) |
| DAVID MARABLE, | ) |
| Defendant/Counterclaim Plaintiff/ Third-Party Plaintiff | ) |
| v. | ) |
| CITY OF BESSEMER | ) |
| Third-Party Defendant | ) |

2:21-cv-01497-LSC

## MEMORANDUM OF OPINION

Plaintiff, Terry Blair ("Blair"), has filed this civil action against Defendant, David Marable ("Marable"). The complaint alleges multiple claims against Marable, including unconstitutional arrest, unconstitutional prosecution, common law false arrest and imprisonment, common law malicious prosecution, and common law negligence and wantonness. Marable filed a third-party complaint against the City of Bessemer ("Bessemer"), seeking contribution for the claims of unconstitutional arrest, common law false arrest and imprisonment, and common law negligence and wantonness. Marable also filed a counterclaim for menacing. Before the Court are the Plaintiff's and the Third-Party Defendant's motions to

dismiss the third-party complaint for failure to state claims upon which relief can be granted, and Plaintiff's motion to dismiss Defendant's counterclaim. *See* Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the Plaintiff's and the Third-Party Defendant's motions to dismiss the third-party complaint are due to be granted. The Plaintiff's motion to dismiss the counterclaim is due to be granted, but Defendant has fifteen (15) days to file an amended counterclaim if he believes he can allege sufficient facts that set forth a cause of action.

## I.   FACTS AND PROCEDURAL POSTURE

On December 7, 2019, Marable arrived at Trails End Deer Processing ("Trails End") to pick up his venison. (Doc. 1 at 2). He was wearing plain clothes and gave no indication that he was an off-duty Jefferson County sheriff's deputy. (*Id.*) Initially, Trails End staff could not locate Marable's order, which allegedly left him agitated. (*Id.*) Apparently, Blair attempted to address his concerns and gave him the order when staff eventually retrieved it. (*Id.*) According to Blair, she felt unsafe in Marable's presence because he shouted obscenities and would not leave store premises. (*Id.* at 3.) Blair retrieved her gun and put it in her waistband. (Doc. 6 at 9.) Marable returned to his car and called the Bessemer Police Department ("BPD"). (*Id.*) Shortly thereafter, BPD arrived and placed Blair into custody. (*Id.*). Four days later, Marable allegedly obtained a warrant for Blair's arrest. (Doc. 1 at 3.)

On November 11, 2021, Blair filed suit against Marable alleging the following: unconstitutional arrest, unconstitutional prosecution, common law false arrest and imprisonment, common law malicious prosecution, and common law negligence and wantonness. (Doc. 1 at 4–9). Marable answered, asserted a counterclaim for menacing against Blair, and subsequently filed a third-party complaint against the City of Bessemer, seeking contribution for the § 1983 unconstitutional arrest claim, the common law false arrest and imprisonment claim, and the common law negligence and wantonness claim if the jury finds Marable liable to Blair. (Doc. 6 at 5–10). Blair and the City of Bessemer have now moved to dismiss Marable's third-party complaint. Blair has also moved to dismiss Marable's counterclaim for menacing.

## II.    STANDARD OF REVIEW

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id*. Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id*. If the pleading "contain[s] enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory,'" it satisfies the notice pleading standard. *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

### III.   ANALYSIS

#### A. MOTION TO DISMISS THIRD-PARTY COMPLAINT

Marable seeks to require Bessemer "to pay [Marable] for the entirety of Plaintiff's recovery." (Doc. 1 at 10.) Rule 14 of the Federal Rules of Civil Procedure permits a defendant to file a "complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14. Of course, FRCP 14 is merely a procedural mechanism and does "not abridge, enlarge or modify any substantive right." *See* 28 U.S.C. § 2072(b). Any right to contribution must therefore flow from state or federal substantive law.

#### 1. ALABAMA LAW

As compelled by the venerable *Erie* doctrine, Alabama law governs the analysis of the state law claims. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Marable's claims seeking contribution contravene long-established Alabama law. *See, e.g.*, *Consol. Pipe & Supply Co. v. Stockham Valves & Fittings, Inc.*, 365 So. 2d 968, 970 (Ala. 1978) (holding that "[n]o authority need be cited to support the proposition that there is no contribution among joint tortfeasors in Alabama."); *Parker Towing Co., Inc. v. Triangle Aggregates, Inc.*, 143 So. 3d 159, 167 (Ala. 2013) ("The general rule in Alabama is that, in the absence of a statutory or contractual basis otherwise, there is no contribution or indemnity among joint tortfeasors."); *see*

*also Ex parte Curry*, 157 So. 3d 906, 911 (Ala. Civ. App. 2014). As Marable has not alleged a specific statutory or contractual basis for contribution, the general rule proscribing contribution among joint tortfeasors is dispositive. Blair had her choice of tortfeasors and elected to sue Marable alone. Thus, even if the City of Bessemer is also at fault, Marable cannot bring a third-party action against it under state law. *See Ex parte Stenum Hosp.*, 81 So. 3d 314, 319 (Ala. 2011).

### 2. 42 U.S.C. § 1983 AND FEDERAL COMMON LAW

Although no controlling precedent resolves this issue, most federal courts have concluded that neither 42 U.S.C. § 1983 nor federal common law afford a right of contribution amongst joint tortfeasors. *See, e.g.*, *Burton v. City of Adairsville*, No. 4:14-CV-0099-HLM, 2014 WL 12543885 (N.D. Ga. Sept. 22, 2014). *Northwest Airlines, Inc. v. Transport Workers Union of America* offers guidance in assessing whether a statute provides a right to contribution. 451 U.S. 77, 91 (1981). "Factors relevant to this inquiry are the language of the statute itself, its legislative history, the underlying purpose and structure of the statutory scheme." *Id.*

Most notably, § 1983's text provides no express right of contribution. Moreover, based on the factors from *Northwest Airlines*, § 1983 lacks an implied right to contribution as well. "§ 1983 was enacted for the benefit of persons injured by state and local government constitutional violations, not for the violators

themselves." Nahmod, *Civil Rights & Civil Liberties Litigation: The Law of Section 1983* § 4:8. As a result, the statutory scheme and purpose do not suggest an implied right to contribution. Additionally, when Congress enacted § 1983, the common law generally prevented joint tortfeasors from seeking contribution. *See Texas Indus., Inc. v. Radcliffe Materials, Inc.*, 451 U.S. 630, 634 (1981); *see also Merryweather v. Nixan*, 101 Eng. Rep. 1337 (K. B. 1799). For these reasons, § 1983 provides no right of contribution.

Further, "only under the most narrow and specific of circumstances could a federal common law right to contribution be found." *Katka v. Mills*, 422 F. Supp. 2d 1304 (N.D. Ga. 2006). Federal courts "are courts of limited jurisdiction that have not been vested with open-ended lawmaking powers," so federal common law is generally reserved for "issues of uniquely federal concern, such as the definition of rights or duties of the United States, or the resolution of interstate controversies." *Nw. Airlines*, 451 U.S. at 95. Cognizant of the narrow contours of federal common law, this court declines to fashion a federal common law right to contribution under § 1983. *See Texas Indus., Inc. v. Radcliffe Materials, Inc.*, 451 U.S. 630 (1981) (declining to create a federal common law right to contribution under federal antitrust statutes); *Nw. Airlines, Inc. v. Transp. Workers of Am., AFL-CIO*, 451 U.S.

77 (1981) (declining to create a federal common law right to contribution under the Equal Pay Act and Title VII).[1]

### 3. FRCP 19 & 20

Although Marable filed a third-party complaint pursuant to FRCP 14, he now requests (for the first time in response to the motions to dismiss) that the court allow the joinder of the City of Bessemer pursuant to either FRCP 19 or 20. Even if the court considered this request, neither rule allows Marable to join the City of Bessemer. In fairly rare instances, FRCP 19 requires the joinder of certain parties, but "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990). Here, Marable does not allege any facts that would prevent the court from

---

[1] In addition, 42 U.S.C. §1988 does not provide an alternative right of contribution for joint tortfeasors. Section 1988(a) generally directs that, where federal law is "not adapted to the subject" or "deficient," the law of the forum State applies if it is not inconsistent with federal law. "The Supreme Court has interpreted § 1988(a) as requiring a three-step process to determine the rules of decision applicable to civil rights claims." *Est. of Gilliam ex rel. Waldroup v. City of Prattville*, 639 F.3d 1041, 1045 (11th Cir. 2011). First, "[c]ourts must . . . look to federal law." *Id.* "Second, if federal law is 'not adapted to the object' or is 'deficient in the provisions necessary to furnish suitable remedies and punish offenses,' courts must apply the law of the forum state." *Id.* "Third, if application of state law is 'inconsistent with the Constitution and laws of the United States,' courts must not apply state law." *Id.* As with the foregoing theories, § 1988 likewise offers no right of indemnity or contribution.  As discussed, neither federal or state substantive law give Marable a right of contribution in this case, so § 1988's tripartite test does not change the analysis.

"accord[ing] complete relief among the existing parties." Fed. R. Civ. P. 19. Blair disclaims any right to relief against the City of Bessemer, and the city, even if it did bear any blame, is a quotidian joint tortfeasor rather than a required party.

FRCP 20 allows joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20. Blair has elected to sue Marable alone and asserts no right to relief against the City of Bessemer. Marable may not like Blair's decision, but Rule 20 does not permit him to override it.

### B. MOTION TO DISMISS COUNTERCLAIM

Marable also filed a counterclaim for menacing against Blair. By all accounts, Alabama law does not recognize the tort of menacing—though menacing is a class B misdemeanor. *See Hammonds v. Montgomery Children's Specialty Ctr., LLC*, No. 2:21CV448-MHT, 2022 WL 949830, at *6 (M.D. Ala. Mar. 29, 2022). In his brief, Marable argues that his counterclaim is for civil assault rather than menacing. (Doc. 15 at 5.) The court construes this argument as a request to amend the complaint. If Marable believes he can state a cause of action for civil assault or a similar tort, he has fifteen (15) days to file an amended counterclaim.

## IV.   Conclusion

For the foregoing reasons, the Plaintiff's and the Third-Party Defendant's Motions to Dismiss the third party-complaint are due to be GRANTED.   The Plaintiff's Motion to Dismiss the counterclaim is due to be GRANTED, but Defendant has fifteen (15) days to file an amended counterclaim if he believes he can allege sufficient facts that set forth a cause of action. The Court will enter an Order consistent with this Memorandum of Opinion.

**DONE** and **ORDERED** on August 22, 2022.

L. Scott Coogler
United States District Judge

211211